# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-16-00676-CR

**Jeremy Teak Palmer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2013-250, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated November 18, 2016, reinstate the appeal, and substitute the following order and memorandum opinion in their place.

In our prior opinion, we dismissed the appeal for want of jurisdiction because it appeared untimely. Appellant Jeremy Teak Palmer, acting pro se, filed a notice of appeal on October 6, 2016, from a judgment of conviction for driving while intoxicated with two or more previous convictions for the same type of offense. The district court imposed sentence on June 8, 2015. Thus, the deadline for perfecting the appeal was July 8, 2015. *See* Tex. R. App. P. 26.2(a)(1). The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable

to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.

After we issued our opinion dismissing the appeal for want of jurisdiction, the State filed a notice informing the Court that Palmer applied for an unopposed out-of-time appeal through a writ of habeas corpus, and the Court of Criminal Appeals granted Palmer an out-of-time appeal in an opinion issued on September 14, 2016. *See Ex parte Palmer*, WR-85,544-01, 2016 WL 4938399, at *1 (Tex. Crim. App. Sept. 14, 2016) (not designated for publication). In that opinion, the Court of Criminal Appeals directed the trial court to hold a hearing within ten days to appoint counsel for Palmer's appeal. It does not appear that a hearing has yet been held.

Accordingly, under these circumstances, we abate the appeal and remand the case to the district court to conduct a hearing within ten days of the issuance of this opinion to determine whether Palmer is indigent as directed by the Court of Criminal Appeals in the above-referenced opinion. If Palmer is indigent and wishes to be represented by counsel, the district court shall immediately appoint an attorney to represent Palmer in this appeal. The district court shall make appropriate written findings and recommendations. Following the hearing, which shall be transcribed, the district court shall order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than February 6, 2017.

It is so ordered this 6th day of January, 2017.

_____
Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Abated and Remanded

Filed:   January 6, 2017

Do Not Publish